KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022-4611
(212) 446-4800
Eric F. Leon (EL-5780)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BILL KOLB JR. SUBARU, INC.,<br><br>        Plaintiff,<br><br>- against -<br><br>IDEARC MEDIA CORP.,<br><br>        Defendant. | Case No.:    08 CV 4212 (WCC) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT IDEARC MEDIA CORPORATION'S MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM**

## PRELIMINARY STATEMENT

This lawsuit reduces to an attempt by plaintiff to "get something for nothing" by accepting the benefits of a contract with IDEARC while disregarding its own obligations under that contract. Plaintiff, an automobile dealership, entered into a contract with IDEARC for the publication of advertisements in IDEARC's Yellow Pages directories, and IDEARC published those advertisements in accordance with the express terms of the contract. Plaintiff, however, has refused to pay the monies owed under the contract. Instead, plaintiff filed this baseless lawsuit in a transparent attempt to evade its payment obligations.

As set forth below, neither of the two counts in plaintiff's complaint states a claim upon which relief can be granted. Plaintiff's contract claim should be dismissed because even if IDEARC failed to place plaintiff's advertisement in a supposedly "mandated location" in the Yellow Pages, as plaintiff alleges, the plain language of the contract makes clear that such conduct cannot possibly constitute a breach of contract. Indeed, the contract expressly states that IDEARC had no obligation to place plaintiff's advertisements in any particular position in the Yellow Pages. Plaintiff's claim for tortious interference with prospective business relations is likewise deficient. Plaintiff's complaint contains nothing more than a boilerplate recitation of the elements of this claim without a single supporting factual allegation. Among other deficiencies, plaintiff's complaint fails to identify the business relations with which IDEARC supposedly interfered and fails to allege that IDEARC directed any tortious activity toward these unidentified business relations. Thus, plaintiff's complaint should be dismissed in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

## FACTUAL ALLEGATIONS

Defendant strongly disagrees with the accuracy and characterization of events alleged in plaintiff's complaint. Nevertheless, defendant appreciates that the Court must temporarily accept the truth of plaintiff's allegations for the limited purpose of deciding this motion to dismiss.

Plaintiff is a Subaru automobile dealer located in Orangeburg, New York. (Compl. ¶¶ 1, 3) At all relevant times, defendant IDEARC was the publisher of the Verizon Yellow Pages. (Id., ¶ 5) In 2007, plaintiff entered into a contract with IDEARC for the placement of advertisements in a number of different Yellow Pages directories. (Id., ¶ 19) Plaintiff does not -- and could not -- allege that IDEARC failed to publish plaintiff's advertisements in the specified Yellow Pages. Instead, plaintiff alleges that IDEARC failed to put plaintiff's advertisements where plaintiff wanted them positioned. According to plaintiff, IDEARC "failed or refused to place Plaintiff's ads in the specifically mandated location in Defendant IDEARC's Verizon Yellow Pages directories, and failed and refused to post said advertisements, in all directory books, directly under the Subaru banner." (Id., ¶ 13)

Plaintiff's complaint specifically refers to, and incorporates by reference, the agreement between plaintiff and IDEARC. (Compl. ¶ 19) That agreement consisted of two documents -- plaintiff's Application for Directory Advertising and IDEARC's Terms and Conditions.[1] The Application that plaintiff signed on January 30, 2007, expressly states: "Placement or position of advertising on a specific page or under a specific heading is not guaranteed." (Leon Decl., Ex. A) The Application then specifically incorporates by reference the attached Terms and Conditions. (Id.) In signing the Application, plaintiff verified that he had read and understood these Terms and Conditions. (Id.)

Section 5 of the Terms and Conditions is entitled "<u>LOCATION OF ADVERTISEMENTS AND HEADINGS</u>." (Leon Decl., Ex. B at § 5) That Section, which is printed in bold-faced type, expressly provides: "Publisher [IDEARC] does not guarantee that my advertising, or the advertising of any other advertiser, will appear on any specific page or

---

[1] Plaintiff's Application and the accompanying Terms and Conditions are attached as Exhibits A and B, respectively, to the Declaration of Eric F. Leon ("Leon Decl."). As discussed below, this Court may consider the contract between plaintiff and IDEARC in deciding IDEARC's motion to dismiss precisely because it is incorporated by reference into plaintiff's complaint and is central to plaintiff's claims.

position on a page of any Print Directory or under a specific heading or position within a heading in any Print or Electronic Directory." (Id.) That Section continues: "Publisher's policies, practices, and procedures regarding the placement, position, or location of advertisements and headings and categories are solely for Publisher's internal business purposes, and Publisher will not be liable to me for any deviation from such policies, practices or procedures." (Id.)

The Terms and Conditions to which plaintiff agreed also make clear that IDEARC will not publish any advertisements unless the advertiser's account is paid in full. Specifically, under Section 3, entitled PAYMENT FOR ADVERTISING, plaintiff agreed to "pay all charges for advertising in full, without setoff, by the due date." (Leon Decl., Ex. B at § 3) Section 3 then continues, in bold-faced type:

> In addition, if I [plaintiff] do not pay any charges within 30 days of the due date, Publisher may issue a bill for, and require me to pay immediately, all unpaid amounts I owe and will owe for all of my advertising in all Directories for the entire time the Print Directories will remain in circulation .... Publisher may require me to pay any collection costs and attorney's fees incurred by Publisher. Publisher also may remove my advertising from any Print Directory that has not been published ....

In or about June 2007, plaintiff communicated to IDEARC that plaintiff would not pay for its 2007 advertisements. (Compl. ¶ 14) As a result of plaintiff's refusal to pay for its 2007 advertising, IDEARC refused to allow plaintiff to place advertisements in the 2008 Yellow Pages directories. (Id., ¶ 16)

## ARGUMENT

When considering a motion to dismiss under Rule 12(b)(6), the Court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007) (citation omitted). At the same time, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (2d Cir. 2006) (citation omitted). The complaint must satisfy a "flexible 'plausibility standard,' which obliges a pleader to amplify a

4

claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (citation omitted) (emphasis in original). "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted).

In deciding a motion to dismiss, a court may consider "any written instrument attached to [the complaint] as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) (citations omitted); see also Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000) (for purposes of a motion to dismiss, a complaint is deemed to include "any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference") (citations omitted). Where a plaintiff's conclusory allegations are contradicted by documents incorporated by reference into the complaint, the documents control and the Court need not accept the allegations of the complaint as true. See Sazerac Co., Inc. v. Falk, 861 F. Supp. 253, 257 (S.D.N.Y. 1994) (citation omitted).[2]

## I.   THE COMPLAINT FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT

Plaintiff's breach of contract claim is precluded by the very contract that the complaint incorporates by reference. The sole basis for plaintiff's contract claim is that IDEARC supposedly "failed or refused to place Plaintiff's ads in the specifically mandated

---

[2]   See also Labajo v. Best Buy Stores, L.P., 478 F. Supp. 2d 523, 528 (S.D.N.Y. 2007) ("Where a plaintiff's conclusory allegations are clearly contradicted by documentary evidence incorporated into the pleadings by reference … the court is not required to accept them."); Matusovsky v. Merrill Lynch, 186 F. Supp. 2d 397, 400 (S.D.N.Y. 2002) ("allegations … contradicted by … a document [referenced in the complaint]… are insufficient to defeat a motion to dismiss"); Rapoport v. Asia Elecs. Holding Co., Inc., 88 F. Supp. 2d 179, 184 (S.D.N.Y. 2000) (granting motion to dismiss where "documents [referenced but not attached to complaint] contradict Plaintiff's allegations.").

location in Defendant IDEARC's Verizon Yellow Pages directories, and failed and refused to post said advertisements, in all directory books, directly under the Subaru banner." (Compl. ¶ 13) But the parties' contract expressly states that IDEARC had no obligation to place plaintiff's ads in any specific position or under any particular banner.

The contract language could not be clearer concerning the placement of advertisements. The Application states clearly and unequivocally that plaintiff had no right to have its advertisements placed in any particular position: "Placement or position of advertising on a specific page or under a specific heading is not guaranteed." (Leon Decl., Ex. A) To emphasize the point, the Terms and Conditions attached to the Application state, in bold-faced type: "Publisher [IDEARC] does not guarantee that my advertising, or the advertising of any other advertiser, will appear on any specific page or position on a page of any Print Directory or under a specific heading or position within a heading in any Print or Electronic Directory." (Leon Decl., Ex. B at § 5)

The plain language of the Application and the Terms and Conditions directly contradicts plaintiff's allegation that IDEARC breached its contractual obligations to plaintiff. Even assuming that IDEARC failed to place plaintiff's advertisement "directly under the Subaru banner," as plaintiff alleges, such conduct would not constitute a breach of the parties' contract. To the contrary, the contract language makes clear that IDEARC had no obligation to place plaintiff's advertisement "on a specific page or under a specific heading." (Leon Decl., Ex. A) Given the unambiguous language of the parties' contract, plaintiff has not -- and cannot -- state a claim for breach of contract.

## II. THE COMPLAINT FAILS TO STATE A CLAIM FOR TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

Plaintiff's complaint also fails to state a claim for tortious interference with prospective economic advantage. The elements of this claim are: (1) the existence of business relations between plaintiff and a third party; (2) that defendant intentionally interfered with those relations; (3) that defendant so acted for the sole purpose of harming plaintiff or by wrongful

6

means; and (4) resultant injury to plaintiff's business relations with a third party. See Deutsch v. Kroll Assocs., No. 02 Civ. 2892, 2003 WL 22203740, at *4 (S.D.N.Y. Sept. 23, 2003) (citing Nadel v. Play-by-Play Toys & Novelties, Inc., 208 F.3d 368, 382 (2d Cir. 2000)). Plaintiff's complaint fails to adequately allege a single one of the elements of a claim for tortious interference with prospective economic advantage.

*First*, plaintiff's complaint does not even purport to identify a specific third-party business relationship with which IDEARC supposedly interfered. Instead, plaintiff's complaint relies solely upon vague allusions to prospective contracts with unspecified and unidentified "potential purchasers of automobiles." (Compl. ¶ 25) That is not enough to state a claim. "A 'general allegation of interference with customers without any sufficiently particular allegation of interference with a *specific contract or business relationship*' will not withstand a motion to dismiss." Envirosource, Inc. v. Horsehead Resource Dev. Co., No. 95 CIV. 5106, 1996 WL 363091, at *14 (S.D.N.Y. July 1, 1996) (emphasis in original) (dismissing claim that plaintiff was prevented from entering into unidentified "business relationship with actual and prospective customers"); see also Gianni Versace, S.p.A. v. Versace, No. 01 CIV. 9645PKLTHK, 2003 WL 47034, at *2 (S.D.N.Y. Feb. 25, 2003) (dismissing claim because plaintiff "makes no attempt to allege a *specific* business relationship with which [defendant] interfered") (emphasis in original).

*Second*, plaintiff's complaint fails to allege that IDEARC directed any conduct toward these unidentified potential customers. It is well-settled that "conduct constituting tortious interference with business relations is, by definition, conduct directed not at the plaintiff itself, but at the party with which the plaintiff has or seeks to have a relationship." Carvel Corp. v. Noonan, 3 N.Y.3d 182, 192 (N.Y. 2004). Thus, to state a claim for tortious interference with prospective business relations, plaintiff must allege that defendant "direct[ed] some activities towards the third party and convince[d] the third party not to enter into a business relationship with plaintiff." Fonar Corp. v. Magnetic Resonance Plus, Inc., 957 F. Supp. 477, 482 (S.D.N.Y. 1997); see also G.K.A. Beverage Corp. v. Honickman, 55 F.3d 762, 768 (2d Cir. 1995) (claim dismissed where alleged conduct was not directed toward plaintiff's customers); Piccoli A/S v.

Calvin Klein Jeanswear Co., 19 F. Supp. 2d 157, 167-68 (S.D.N.Y. 1998) (claim failed where "defendants' alleged conduct concededly was not directed towards any third party with whom Piccoli had an existing or prospective business relationship").

Plaintiff's complaint does not allege that IDEARC directed any activity -- much less any tortious activity -- toward plaintiff's prospective customers. Instead, plaintiff's complaint makes clear that IDEARC's supposedly wrongful conduct was directed at plaintiff itself, and no one else. Even accepting plaintiff's baseless allegations as true, IDEARC's supposedly tortious conduct consisted solely of making "false and misleading representations to Plaintiff with respect to the placement of Plaintiff's ads in its 2007 directories," and "refus[ing] to permit Plaintiff to place 2008 advertisements in its directories." (Compl. ¶¶ 27-28) Nowhere does plaintiff allege that IDEARC directed some activity toward a third party and convinced that third party not to enter into a business relationship with plaintiff. This pleading deficiency is fatal to plaintiff's claim.

***Third***, plaintiff's complaint does not adequately allege that IDEARC acted either for the sole purpose of harming plaintiff or by wrongful means. See Deutsch, 2003 WL 22203740, at *4. To survive dismissal, a plaintiff must allege specific facts that demonstrate such culpable conduct; it cannot rely on "conclusory" statements. Scholastic, Inc. v. Stouffer, 124 F. Supp. 2d 836, 851 (S.D.N.Y. 2000) (dismissing claim because "conclusory statement ... that plaintiffs acted 'dishonest[ly], unfair[ly] or improper[ly] (wrongful[ly])' without any further explanation of the means employed" was "insufficient to allege malice or unlawful means"). Here, plaintiff does not even remotely allege that IDEARC did anything for the sole purpose of harming plaintiff. And in claiming some unlawful conduct, plaintiff relies solely on conclusory statements unsupported by any specific facts. Plaintiff, for example, alleges that IDEARC made "false and misleading misrepresentations," yet never identifies what those supposed misrepresentations were. Plaintiff also alleges that IDEARC exerted "undue economic pressure," but never explains how IDEARC supposedly exerted this undue pressure or why

IDEARC's alleged conduct might be deemed tortious. Such vague allegations are insufficient to withstand a motion to dismiss.

*Finally*, plaintiff also has failed to plead facts sufficient to support the causation element of a claim for tortious interference with prospective business relations. An "essential element of this tort is that the plaintiff would have consummated a contract with another person ***but for*** the interference of the defendant." School of Visual Arts v. Kuprewicz, 771 N.Y.S.2d 804, 813 (N.Y. 2003) (emphasis in original) (granting motion to dismiss); see also Riddell Sports Inc. v. Brooks, 872 F. Supp. 73, 78 (S.D.N.Y. 1995) (granting motion to dismiss where plaintiffs failed to allege sufficient facts that "but for defendant's conduct, his prospective business relations would have coalesced into actual contracts"). Here, plaintiff does not even attempt to identify the actual contracts it supposedly would have consummated but for IDEARC's alleged conduct. Instead, plaintiff resorts to rank speculation that "[a]s a result of Defendant's conduct … Plaintiff has suffered, and will continue to suffer substantial damages, including list [sic] contracts, lost business, lost sales, lost profits and a loss of business goodwill." (Compl. ¶ 29) Such "speculative" and conclusory allegations, without any hint of factual detail, do not meet the stringent standards applicable to pleading the "but for" causation element of this tort. See Camp Summit of Summitville, Inc. v Visinski, No. 06-CV-4994, 2007 WL 1152894, at *15 (S.D.N.Y. Apr. 16, 2007) (granting motion to dismiss).

Any one of the foregoing pleading deficiencies, standing alone, is sufficient to warrant dismissal of plaintiff's claim for tortious interference with prospective economic advantage. Taken together, these pleading deficiencies make clear that plaintiff has not come close to providing IDEARC with "fair notice to defendant[] as to the conduct upon which [plaintiff] bases its claim." PKG Group, LLC v. Gamma Croma, S.p.A., 446 F. Supp. 2d 249, 252 (S.D.N.Y. 2006). Accordingly, this claim should be dismissed.

## CONCLUSION

For the reasons set forth herein, IDEARC respectfully submits that its motion to dismiss should be granted and plaintiff's complaint should be dismissed in its entirety for failure to state a claim.

Dated: New York, New York
May 21, 2008

_____
Eric F. Leon
(EL-5780)
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022-4611
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900

Attorneys for Defendant
IDEARC MEDIA CORP.